(No. 4675.   October 25, 1927.)

E. A. HURRLE, Appellant, v. J. D. GUTTERY, Respondent.

[260 Pac. 691.]

VENDOR AND PURCHASER—RECOVERY ON THEORY OF MUTUAL RESCISSION OF CONTRACT—IMMATERIAL TESTIMONY—EVIDENCE, INSUFFICIENCY OF—VENDOR'S ABANDONMENT AND REPUDIATION.

1. Relative to right of purchaser to recover payments made on the theory of a mutual rescission of the executory contract of sale, testimony of purchaser as to whether he had ever told vendor that he might retain all money paid on the contract would be immaterial, as it would have no probative value in determining whether vendor had agreed, as is necessary for recovery, to return the payments made.

2. Evidence in action by purchaser to recover payments made *held* not to establish rescission of contract by mutual agreement, but merely abandonment and repudiation by vendor.

3. Evidence in action by purchasers to recover payments made on the theory of rescission by mutual agreement of executory contract for sale *held* insufficient to show the necessary express or implied provision for return thereof.

---

Publisher's Note.
  See Trial, 38 Cyc., p. 1617, n. 34, p. 1619, n. 38, p. 1707, n. 98.
  Vendor and Purchaser, 39 Cyc., p. 1358, n. 53; p. 2002, n. 42, p. 2066, n. 88, 89, p. 2067, n. 94.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action for money had and received. Judgment for defendant. *Affirmed.*

J. H. Helman, for Appellant.

An agreement to rescind to be effectual, need not be in writing but may be implied from the circumstances of the case and from the dealings and actions of the parties with reference to the subject matter of the contract, and need not be shown by an express agreement. (2 Black on Rescission and Cancellation, secs. 524, 526, 528, 532; 3 Williston on Contracts, sec. 1826, and numerous notes; 4 Page on Contracts, secs. 2462, 2471; 3 Elliott on Contracts, sec. 1859; *Green v. Wells,* 2 Cal. 584.)

Where the parties mutually agree to rescind the contract, there being no express stipulation with reference to the payment or payments already made thereunder, the law will imply a promise on the part of the vendor to refund such payment or payments to the purchaser, and the latter may maintain an action to recover back the same. (Black on Rescission and Cancellation, secs. 417, 535; *Aderholt v. Wood;* 66 Cal. App. 666, 226 Pac. 950; *Nason v. Woodward,* 16 Iowa, 216; *Hollingsworth v. Ruckman,* 72 Mont. 147, 232 Pac. 180; *Vider v. Ferguson,* 88 Ill. App. 136.)

Where the vendee rescinds, breaches or abandons the contract, and the vendor accepts such rescission and acts thereon, the vendee may maintain his action to recover instalments previously paid. (*Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Lytle v. Scottish-American Mtg. Co.,* 122 Ga. 458, 50 S. E. 402.)

The mere fact that a contract in which time is made of its essence provides for a forfeiture upon failure to perform will not of itself cause a forfeiture of the contract by failure on the part of one of the parties to perform promptly according to its terms. There must be a declaration of for-

feiture made by the party to the contract claiming the
benefit of the forfeiture clause, or acts or conduct amount-
ing to that. And he must act promptly in asserting his
claim. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Cue v.
Johnson,* 73 Kan. 558, 85 Pac. 598; *Grigg v. Landis,* 21 N. J.
Eq. 494.)

Geo. Donart and Norris & Sutton, for Respondent.

No recovery of the purchase money paid on an executory
contract for the sale of land can be recovered by the vendee
on the rescission of the contract, unless the rescission agree-
ment, expressly or impliedly, provides therefor. (*Holver-
son v. Evans,* 38 Ida. 428, 224 Pac. 1067; *Williams v. Skel-
ton,* 40 Ida. 741, 237 Pac. 412.)

One presumption cannot be based on another presumption.
(22 C. J. 84, 827.)

BABCOCK, Commissioner.—This is an action brought by
the appellant in which he is seeking to recover of the re-
spondent purchase money paid by instalments or other-
wise upon a contract for the sale of land, it being claimed
by the appellant that he is entitled to the return of such
payments by reason of a mutual oral rescission of the con-
tract of sale.

On August 23, 1919, one J. A. White, and the respondent,
J. A. Guttery, entered into a contract with one D. A.
Hurrle for the sale and purchase of sixty acres of farm
land in Payette county, Idaho, for the sum of $15,000;
$1,000 was paid at the time of the execution of the con-
tract. The contract provided that $2,000 was to be paid on
or about January 1, 1920, and $1,000 on or before March 1,
1921, and every year thereafter until the full amount of
the purchase price had been paid, together with interest at
the rate of seven per cent per annum on all unpaid portions
of the purchase price after January 1, 1920, payable on
March 1, 1920, and annually thereafter. The contract of
sale contained the usual forfeiture clause and time was
especially made the essence of the contract. After the mak-

ing of said contract, the appellant and his predecessors in interest entered into the possession of the land and continued in possession thereof until on or about February 15, 1924, when the appellant moved off and abandoned the same. On February 1, 1921, a supplemental agreement was entered into between the parties which provided that all payments of principal required to be paid by the contract were extended one year. On February 6, 1922, another supplemental agreement was entered into providing that all payments of principal under said contract were extended five years and the rate of interest was increased from seven per cent to eight per cent per annum. During the time appellant and his predecessors in interest were in possession of the land, he and they made certain payments of principal, interest and taxes under the contract and the agreement supplemental thereto. They also made expenditures by way of improvements upon the land. A few days before appellant moved off the land he notified the respondent of his inability to make the payments provided for in the contract, and that he was moving off the property. After receiving such notification, and after appellant had vacated the premises, the respondent, with the knowledge and consent of the appellant, resumed the possession of the property and rented the same to a third party.

It is the claim of the appellant that the acts and conduct of the parties amount to a rescission of the contract and that he is entitled to a return of the payments made on the purchase of the property.

The appellant alleges that the aggregate amount of payments made on the land was $8,884.50, and the rental value of the premises during the time they were occupied by himself and his predecessors was $500 per year, or the total sum of $2,000; and he seeks to recover the difference between the aggregate sum paid by him of $8,884.50 and the said rental value.

The case was tried with a jury. No motion for nonsuit was interposed by respondent. The latter introduced no evidence, rested and moved the court for an instructed

verdict for the defendant. Whereupon, the court granted said motion and instructed the jury to bring in a verdict for the defendant which was subsequently done and judgment entered accordingly for the defendant. This appeal is from that judgment.

The appellant makes ten assignments of error. All of them, with the exception of assignments one and ten, specify as error the refusal of the court to give certain of plaintiff's requested instructions. In assignment number one, appellant claims the court erred in instructing the jury to bring in a verdict for the defendant.

The court obviously instructed the jury to bring in a verdict for the respondent by reason of the holding of this court in *Holverson v. Evans,* 38 Ida. 428, 224 Pac. 1067, and *Williams v. Skelton,* 40 Ida. 741, 237 Pac. 412, to the effect that, if an executory contract for the sale of real property is rescinded by mutual agreement of the parties, no recovery of the purchase money can be had, unless the rescission contract, either expressly or impliedly, provides therefor, which is the settled law in this state.

In order to determine whether the court erred in so doing, it will be necessary to examine the record and see what the evidence discloses. On February 15, 1924, appellant, at New Plymouth, Idaho, wrote the respondent as follows:

"I find it will be impossible for me to make the payments soon to fall due you, under my contract and so am moving off the property. I regret this, but it is unavoidable."

The appellant testified in his own behalf substantially as follows: That he saw Guttery at the Bancroft Hotel about a week after writing the letter and had a conversation with him regarding the land contract; that Guttery wanted appellant to give him a quitclaim deed and surrender the contract; that he wanted to pay appellant some; that there was no definite amount set that day; that he saw him again the next day at his father's place, when they talked again and had about the same conversation as they had in town.

In addition to the above testimony of the appellant it was stipulated that if recalled to the stand he would testify that Mr. Guttery, on or about February 25, 1924, offered to pay him for the seed wheat and clover seed upon the land.

It was agreed in the contract that in case the appellant failed to make the payments provided therein, he should forfeit all payments previously made thereon. There was a payment of interest due on March 1, 1924, and appellant had declared in his letter that he did not expect to pay it, and that he was moving off the property. We are unable to see how any legal inference can be drawn from the above facts and circumstances that the respondent expected to repay, or the appellant expected a return of, what had been paid on the contract. There had been no breach of the contract on the part of respondent and there was no claim that respondent was or would be unable to perform, and it can hardly be conceived that respondent would voluntarily offer to repay to the appellant what the latter had paid. Respondent was entitled under the terms of the contract to retain the payments that appellant had made thereon.

[1] In considering assignment number ten, we find that when appellant was on the witness-stand, the following question was asked him by his attorney: "Did you at any time tell him (referring to respondent) he might retain all money you had paid on the contract?" To this question attorney for respondent objected on the ground that it was immaterial, and the objection was sustained. We are of the opinion that there was no error on the part of the court in so doing. It is obvious that any answer he might have made to the question would have been of no probative value in determining whether the respondent had agreed to return the payment that had been made.

[2, 3] We are of the opinion that the evidence in the case fails to establish a rescission of the contract in question by mutual agreement. The acts and conduct on the part of the appellant amounted to an abandonment and repudiation of his contract. But if it be conceded that said

contract was rescinded by mutual agreement, then, under the rule laid down in *Holverson v. Evans, supra,* and *Williams v. Skelton, supra,* the evidence was insufficient to sustain a verdict for appellant and the court committed no error in instructing the jury to return a verdict for the respondent. It therefore follows as a matter of law that the court did not err in refusing to give the instructions requested by the appellant.

We recommend that the judgment be affirmed, with costs to respondent.

Featherstone and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is affirmed, with costs to respondent.